AARON H. COLE, CA Bar No. 236655
aaron.cole@ogletree.com
SONA P. PATEL, CA Bar No. 334044
sona.patel@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:    213-239-9800
Facsimile:    213-239-9045

Attorneys for Defendant
SITEONE LANDSCAPE SUPPLY, LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO CABALLERO, on behalf of himself and all others similarly situated,<br><br>              Plaintiff,<br><br>     v.<br><br>SITEONE LANDSCAPE SUPPLY LLC, a Delaware limited liability company; and DOES 1 to 10, inclusive,<br><br>              Defendants. | Case No. **23-713**<br><br>**DEFENDANT SITEONE LANDSCAPE SUPPLY LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Notice of Related Cases; Declarations of Joseph Ketter, and J. Kimberly Bryant in Support of Removal]<br><br>Complaint Filed:  June 21, 2023<br>Trial Date:          None<br>District Judge:    Hon. |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF GUSTAVO CABALLERO AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendant SiteOne Landscape Supply, LLC ("Defendant"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Joaquin to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1446.  In support of such removal, Defendant states as follows:

## I.    PROCEDURAL BACKGROUND

1.    On June 21, 2023, Plaintiff Gustavo Caballero ("Plaintiff") filed a class action complaint in the Superior Court of the State of California for the County of San Joaquin, entitled, "*Gustavo Caballero, on behalf of himself and all others similarly situated, Plaintiff vs. SiteOne Landscape Supply, LLC, a Delaware limited liability company, and DOES 1 through 50, inclusive, Defendants*," Case No. STK-CV-VOE-2023-6325.

2.    Defendant received service of the Summons and Complaint on June 27, 2023. Copies of the Summons, Complaint, and all other documents served on Defendant are attached as "**Exhibit A**."

3.    Plaintiff's Complaint alleges ten causes of action: (1) Failure to Pay Overtime Wages (Labor Code §§ 510 and 1194); (2) Failure to Pay All Wages and Minimum Wages (Labor Code §§ 221, 223, 1182, 1194, 1197, and 1198); (3) Failure to Provide Meal Periods (Labor Code §§ 226.7, 512, 516, and 1198); (4) Failure to Provide Rest Periods (Labor Code §§ 226.7, 516, 1198); (5) Failure To Timely Furnish Accurate Itemized Wage Statements and Failure to Maintain Accurate Records (Labor Code § 226); (6) Failure To Timely Pay Wages (Labor Code § 203); (7) Failure to Provide COVID-19 Supplemental Paid Sick Leave (Labor Code § 248.6); (8) Failure to Produce Records (Labor Code §§ 226(b)(c), 1198.5, and 432); (9) Failure to Reimburse Business Expenses (Labor Code § 2802); and (10) Violations of Business & Professions Code § 17200.

57242001.v1-OGLETREE

## II.    CLASS ACTION FAIRNESS ACT JURISDICTION

### A.    Basis of Original Jurisdiction.

4.    The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). As such, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, 1446 and 1453.

### B.    Number of Putative Class Members.

5.    Plaintiff alleges this putative class action on behalf of "[a]ll persons who have been, or currently are, employed by Defendants and who held, or hold, job positions which Defendants have classified as "non-exempt" employees in the State of California, at any time since four years prior to filing this action, through the date judgement is rendered in this action."(Complaint ("Compl.") ¶50). Thus, assuming that the putative class, as defined by Plaintiff's Complaint, comprises all non-exempt employees employed by Defendant in California at any time from June 21, 2019 to the present, the putative class includes at least 1,092 persons. (Declaration of J. Kimberly Bryant ("Bryant Decl.") ¶ 3).

### C.    Diversity of the Parties.

6.    The minimal diversity requirement of 28 U.S.C. 1332(d) is met in this action because the citizenship of at least one class member is diverse from the citizen of at least one defendant. *Id.* at (d)(2)(A). Plaintiff Caballeros, a putative class member, is a citizen of the State of California. Defendant is a limited liability company formed under the laws of the State of Delaware, with its principal place of business in Roswell, Georgia. (Declaration of Joseph Ketter ("Ketter Decl.") ¶¶ 3-4). Thus, Defendant is a citizen of Delaware and Georgia. 28 U.S.C. § 1332(c); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Citizenship of "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

### D.    Amount in Controversy.

7.    Based on the allegations in the Complaint, the alleged amount in controversy exceeds, in the aggregate, Five Million Dollars ($5,000,000), as demonstrated below.

8.    **Third Cause of Action – Failure to Provide Meal Periods.**  Plaintiff alleges: "Defendants failed to provide Plaintiff and the members of the Classes with meal periods required

2

by Labor Code sections 226.7, 512, 516 and the applicable IWC wage order section 10, and categorically failed to pay any and all meal period wages due." (Compl. ¶ 80). Plaintiff further alleges: "Defendants did and does not provide Plaintiff and members of the Classes with meal periods during which they are completely relieved of duty for at least thirty (30) minutes by the fifth hour of work and again by the tenth hour of work. Rather, Plaintiff alleges that meal breaks were frequently short and interrupted." (*Id*. ¶ 86). Plaintiff continues to allege: "Plaintiff and Class Members seek damages pursuant to Labor Code section 226.7(b) and the applicable MC wage order section 10(F) in the amount of one additional hour of pay at the regular rate for each workday that the meal period is/was not provided to Plaintiff and any member of the Classes, the cumulative sum of which is to be determined at trial." (*Id*. ¶ 81).

9. **Fourth Cause of Action** – **Failure to Provide Rest Periods.** Plaintiff alleges: "Defendants routinely failed to provide Plaintiff and the members of the Classes with such paid rest periods without duty, notwithstanding the fact that Plaintiff and the members of the Classes had not waived their right to the same. Thus, Defendants failed to provide Plaintiff and Class Members with rest periods required by Labor Code sections 226.7, 512, and 516, the applicable IWC wage order section 11 and categorically failed to pay any and all rest period wages due." (Compl. ¶ 94). Plaintiff further alleges: "Plaintiff and Class Members seek damages pursuant to Labor section 226.7(b) and the applicable IWC wage order section 11(D), in the amount of one additional hour of pay at the regular rate for each work day that the rest period is/was not provided or provided late to Plaintiff and any member of the Classes, the cumulative sum of which is to be determined at trial." (*Id*. ¶ 96). Plaintiff concludes by alleging: "Plaintiff and members of the Plaintiff Class are entitled to compensation for Defendant's failure to provide rest periods, plus interest, attorneys' fees, expenses, and costs of suit pursuant to Labor Code section 226.7(b) and the applicable wage order." (*Id*. ¶ 97).

10. Plaintiff further alleges that the failure to provide meal and rest periods alleged in the Second and Third Causes of Action constitutes unfair competition within the meaning of Business and Professions Code Section 17200. (Compl. ¶ 134-143). The statute of limitations for such a claim is four years. Cal. Bus. & Prof. Code § 17208 ("Any action to enforce any cause of

3

action pursuant to this chapter shall be commenced within four years after the cause of action accrued"); *Cortez v. Purolator Air Filtration Products Co*., 23 Cal.4th 163, 178-179 (2000) (the four-year statute of limitations applies to any UCL claim, notwithstanding that the underlying claims have shorter statutes of limitation).

11.    Based on a review of Defendant's business records, 1,091 putative class members worked approximately 411,633 work days over 3.5 hours during the four-year period, and 1,089 putative class members worked approximately 384,292 work days over 5 hours from June 21, 2019 to July 7, 2023, and received an average base hourly rate of $21.01. (Bryant Decl. ¶ 4).

12.    Assuming, arguendo, the truth of Plaintiff's allegations that "Defendants failed to provide Plaintiff and the members of the Classes with meal periods required by Labor Code sections 226.7, 512, 516 and the applicable IWC wage order section 10" (Compl. ¶ 80)," putative class members are entitled to recover at least $1,614,795for unpaid meal period premium pay, assuming a conservative twenty percent (20%) violation rate: $21.01 (average base hourly rate for putative class members during the four-year period) x 384,292 (work days over 5 hours worked by putative class during the applicable four-year period) x 20% (assumed violation rate) = $1,614,795.

13.    Assuming, arguendo, the truth of Plaintiff's allegations that "Defendants routinely failed to provide Plaintiff and the members of the Classes with such paid rest periods without duty" (Compl. ¶ 94), putative class members are entitled to recover at least $ 1,729,682 for unpaid rest period premium pay, assuming a conservative twenty percent (20%) violation rate: $21.01 (average base hourly rate for putative class members during the four-year period) x 411,633 (work days over 3.5 hours worked by putative class during the applicable four-year period) x 20% (assumed violation rate) = $1,729,682.

14.    **Fifth Cause of Action – Failure To Provide Accurate Itemized Wage Statements (Labor Code § 226).**  Plaintiff alleges that: "Defendants knowingly and intentionally failed to furnish Plaintiff and the members of the Classes with timely, itemized statements in compliance with Labor Code section 226(a) and the applicable IWC Wage order section 6(B). (Compl. ¶ 101).  Plaintiff further alleges: "Plaintiff and the members of the Classes herein seek damages and penalties pursuant to Labor Code section 226(e) for Defendant's violations of Labor

4

Code section 226(a)." (*Id.* ¶ 107). The penalties provided by Labor Code section 226(e) are "fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000)."

15.    Based on a review of Defendant's business records, Defendant employed 370 putative class members who were each issued at least 41 wage statements for the applicable pay periods during the one year limitations period from June 21, 2022 to July 7, 2023. (Bryant Decl. ¶ 6).

16.    Thus, according to Plaintiff's allegations, each of these 370 putative class members who were issued at least 41 wage statements each during the one-year limitations period are entitled to recover the $4,000 maximum per employee in wage statement penalties under Labor Code §226(e) ([1 (initial wage statement during one-year limitations period ) x $50] + [(40 (subsequent wage statements issued during one-year limitations period) x $100] = $4,050) for an aggregate total of at least $1,480,000: 370 (putative class members who were each issued at least 41 wage statements during one-year limitations period) x $4,000 (maximum Labor Code §226(e) penalty) = **$1,480,000**.

17.    Based on a review of Defendant's business records, Defendant employed an additional 277 putative class members who were issued a total of 5,358 wage statements for the applicable pay periods during the one year limitations period from June 21, 2022 to July 7, 2023. (Bryant Decl. ¶ 7). Each of these 277 putative class members was issued fewer than 41 wage statements for the applicable pay periods during the one year limitations period from June 21, 2022 to July 7, 2023. (*Id.*).

18.    Thus, according to Plaintiff's allegations, these 277 putative class members are entitled to recover at least $521,950 in wage statement penalties under Labor Code §226(e): [277 (number of putative class members) x $50] + [(5,358 (wage statements issued during one-year limitations period) –277 (number of 1-year putative class members)) x $100] = **$521,950.**

19.    In aggregate, assuming the truth of Plaintiffs' allegations, the putative class members are thus entitled to recover at least $1,674,300 in penalties under Labor Code §226(e):

DEFENDANT SITEONE LANDSCAPE SUPPLY LLC'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

57242001.v1-OGLETREE

$1,480,000 (¶¶ 14-16 above) + $521,950 (¶ 18-19 above) = **$2,001,950**.

20.    **Sixth Cause of Action – Failure to Pay Timely Wages (Labor Code § 203).**
Plaintiff alleges that: "Defendants willfully failed to pay Plaintiff and members of the Terminated Sub Class the earned and unpaid wages set forth above, including but not limited to, overtime wages, other wages, and/or meal rest period premiums, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendant's employ."  (Compl. ¶ 114).  Plaintiff further alleges that: "Defendants regularly failed to pay Plaintiff and the members of the Terminated Sub Class their final wages pursuant to Labor Code sections 201-203, and accordingly owe waiting time penalties pursuant to Labor Code section 203."  (*Id*. ¶ 111).  The statute of limitations for waiting time penalties under Labor Code §§ 201-203 is three years.  *See* Cal. Code of Civ. Proc. § 338(a).

21.    Based on a review of Defendants' business records, 449 putative class members were terminated during the three-year period from June 21, 2020 to July 7, 2023. (Bryant Decl. ¶ 5). These putative class members worked an average of 8.03 hours per day during their employment, and earned an average hourly wage of $19.65. (*Id*.).

22.    Assuming, arguendo, the truth of Plaintiffs' allegations, and assuming conservatively that each of the terminated putative class members did not receive at least one (1) fully compliant meal or rest break during the tenure of their employment and were not paid the meal or rest period premium pay in lieu thereof, the terminated putative class members are entitled to recover at least $2,125,425 in waiting time penalties: $19.65 (average base hourly rate) x 8.03 (average 8.03 hour work day) x 30 (maximum days of penalty pay) x 449 (number of putative class members terminated during three-year period) = $2,125,425.

E.    <u>Summary of Amount in Controversy.</u>

23.    Defendant has denied all the material allegations of the Complaint and disputes all liability and Plaintiff's entitlement to any recovery. Given Defendant's denial, as set forth above, the Complaint places in actual controversy more than the required $5 million for purposes of removal under CAFA, even without considering the amounts placed in controversy by the other alleged claims (unpaid wages and business expenses) and attorney fees. *See Galt G/S v. JSS*

*Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees may properly be included in calculation of the amount of controversy where an underlying statute authorizes an award of attorneys' fees).

| Claim | Amount in Controversy |
|---|---|
| Unpaid Meal Premiums | $1,614,795 |
| Unpaid Rest Premiums | $1,729,682 |
| Wage Statement Penalties | $2,001,950 |
| Waiting Time Penalties | $2,125,425 |
| **Total** | $7,471,852 |

Accordingly, removal of this action under CAFA is proper under Section 1332(d).

III.    **COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS**

24.    As required by 28 U.S.C. § 1446, this Notice of Removal is filed in the district court of the United State in which the action is pending. The state court action was pending in the San Joaquin Superior Court, which is located within the boundaries of this Court. Thus, venue is proper in this Court. 28 U.S.C. § 1441(a).e

25.    As required by 28 U.S.C. § 1446, Defendant hereby provides this Court with copies of all process, pleadings and orders received by Defendant in this action (attached as "**Exhibit A**"), Defendant has not received any pleadings, process or orders besides those attached.

WHEREFORE, Defendant removes this action to this Court.

DATED:  July 27, 2023                OGLETREE, DEAKINS, NASH, SMOAK &
                                     STEWART, P.C.


By:  */s/ Aaron H. Cole*_____
     Aaron H. Cole
     Sona P. Patel

Attorneys for Defendant
SITEONE LANDSCAPE SUPPLY, LLC

**EXHIBIT A**

Wolters Kluwer

CT Corporation
**Service of Process Notification**
06/27/2023
CT Log Number 544160033

## Service of Process Transmittal Summary

**TO:**    Rebecca Ramstrom, Paralegal
SITEONE LANDSCAPE SUPPLY
300 COLONIAL CENTER PKWY STE 600
ROSWELL, GA 30076-4893

**RE:**    **Process Served in California**

**FOR:**    SiteOne Landscape Supply, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: GUSTAVO. CABALLERO, on behalf of himself and all others similarly situated // To: SiteOne Landscape Supply, LLC |
| **CASE #:** | STKCVU0E20236325 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/27/2023 at 10:55 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Briley Brisendine  bbrisendine@siteone.com |
| | Email Notification,  Rebecca Ramstrom  rramstrom@siteone.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-665-5799 |
| | SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jun 27, 2023

**Server Name:** DROP SERVICE

| Entity Served | SITEONE LANDSCAPE SUPPLY LLC |
|---|---|
| Case Number | STKCVUOE20236325 |
| Jurisdiction | CA |

| Inserts |
|---|
| | | |



SUM-100

# SUMMONS
## (CITACION JUDICIAL)



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

PATRICIA SOTELO

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SITEONE LANDSCAPE SUPPLY LLC, a Delaware limited liability
company; and DOES 1 to 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GUSTAVO CABALLERO, on behalf of himself and all others
similarly situated,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court for the State of California
County of San Joaquin
180 E. Weber Ave.
Stockton, CA 95202

STK-CV-UO-2023-0325

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Marcus J Bradley, Bradley/Grombacher LLP, 31365 Oak Crest Dr. Suite 240, Westlake Village, CA 91361 Tel: (805) 270-7100

| DATE: | BRANDON E. RILE clerk, by | PATRICIA SOTELO | , Deputy |
|---|---|---|---|
| *(Fecha)* | JUN 2 1 2023 | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

PATRICIA SOTELO

1   **BRADLEY/GROMBACHER, LLP**
    Marcus Bradley, Esq. (SBN 174156)
2   Kiley Grombacher, Esq. (SBN 245960)
    Lirit King, Esq. (SBN 252521)
3   Emilie MacLean (SBN 349539)
    31365 Oak Crest Drive, Suite 240
4   Westlake Village, CA 91361
    Telephone: (805) 270-7100
5   Facsimile: (805) 270-7589
    Email: mbradley@bradleygrombacher.com
6   Email: kgrombacher@bradleygrombacher.com
    Email: lking@bradleygrombacher.com
7   Email: emaclean@bradleygrombacher.com
8

9   **MAJARIAN LAW GROUP APC**
    Garen Majarian, Esq. (SBN 334104)
10  Sahag Majarian, II, Esq. (SBN 146621)
   18250 Ventura Boulevard
11  Tarzana, California 91356
   Telephone: (818) 263-7343
12  Facsimile: (818) 609-0892
   E-Mail: garen@majarianlawgroup.com
13  E-Mail: sahagii@aol.com
14

15  Attorneys for Plaintiff GUSTAVO CABALLERO
   on behalf of himself and others similarly situated
16

17             **SUPERIOR COURT OF CALIFORNIA**
18                **COUNTY OF SAN JOAQUIN**

19                    STK-CV-UOL -2023- 6325

   GUSTAVO CABALLERO, on behalf of
20  himself and all others similarly situated,     **CASE NO.**

21             Plaintiff,         **CLASS ACTION** COMPLAINT FOR:

22         v.         1.  **Failure to Pay Overtime Wages in Violation of**
                         **Labor Code sections 510 and 1198;**
23
   SITEONE LANDSCAPE SUPPLY LLC, a  2.  **Failure to pay all Wages and Minimum Wages**
24  Delaware limited liability company; and      **in Violation of Labor Code sections 221, 223,**
   DOES 1 to 10, inclusive,             **1182, 1194, 1197, and 1198;**
25
          Defendants.   3.  **Failure to Provide Meal Periods in Violation of**
26                        **Labor Code sections 226.7, 512, 516 and 1198;**

27                   4.  **Failure to Provide Rest Periods in Violation of**
                         **Labor Code sections 226.7, 516, 1198;**
28
                  5.  **Failure to Timely Furnish Accurate Itemized**

                      COMPLAINT

FILED BY FAX

Wage Statements in Violation of Labor Code section 226(a) and Failure to Maintain Accurate Records;

6.  Waiting Time Penalties Pursuant to Labor Code sections 201 and 203;

7.  Failure to Provide COVID-19 Supplemental Paid Sick Leave in Violation of Labor Code section 248.6;

8.  Failure to Produce Records in Violation of Labor Code sections 226(b)(c), 1198.5 and 432;

9.  Failure to Reimburse Business Expenses in violation of Labor Code section 2802;

10. Violations of Business & Professions Code section 17200 et seq.

**DEMAND FOR JURY TRIAL**

1    Plaintiff, GUSTAVO CABALLERO (hereinafter "Plaintiff") hereby submits his Complaint

2    against Defendants SITEONE LANDSCAPE SUPPLY LLC, a Delaware limited liability

3    company; and DOES 1 to 10 (hereinafter referred to as "Defendant") on behalf of himself and the

4    class of all other similarly situated current and former employees of Defendants as follows:

5                              **NATURE OF THE CASE**

6        1.    This is a class action arising out of Defendant's failure to provide their non-exempt

7    employees with all wages, meal and rest periods in compliance with the applicable wage order

8    and/or the California Labor Code, by failing to reimburse business-related expenses and by failing

9    to comply with the applicable wage order and/or the Labor Code regarding the payment of wages.

10       2.    SiteOne is a supplier of wholesale goods for green industry professionals in the

11   United States and Canada. SiteOne is headquartered in Roswell, Georgia. At all relevant times,

12   Defendants issued and maintained uniform, standardized scheduling and timekeeping practices and

13   procedures for all non-exempt, hourly paid employees in California, including Plaintiff and others

14   similarly situated, regardless of their location or position.

15       3.    Defendants have maintained practices across its locations which have failed and

16   continue to fail to provide Plaintiff and other non-exempt employees with all wages. Specifically,

17   Defendants maintained policies whereby it rounded hours worked and failed to pay wages at the

18   regular rate of pay.

19       4.    Defendants also fail to provide compliant meal and rest breaks. Specifically,

20   Defendants has a company-wide policy of failing to provide rest breaks to Plaintiff and non-exempt

21   employees. Meal breaks were also short as a result of having to clock-out and clock-in for meals

22   inside the store. This required Plaintiff to walk approximately 2 minutes each way to the timeclock.

23   Moreover, meals were frequently interrupted by management.

24       5.    Moreover, Defendant also failed to provide accurate wage statements as it fails to

25   show Covid-19 supplemental sick pay.

26       6.    In light of the foregoing, Defendant failed to timely pay final wages upon

27   termination or separation from employment.

28       7.    Defendants also failed to reimburse Plaintiff and other non-exempt employees for

                                      **1**
                           **CLASS ACTION COMPLAINT**

1    business-related expenses. This includes but is not limited to the use of personal cellphones.

2    Plaintiff was required to clock-in and clock-out on his personal phone yet was never reimbursed for

3    these costs.

4        8.    Plaintiff brings Causes of Action One through ten (the "class claims") as a class

5    action on behalf of himself and other similarly situated individuals who have worked for

6    Defendants in California, at any time from four-years prior to the filing of this complaint, through

7    the resolution of this action. Plaintiff, on his own behalf and on behalf of all Class Members, brings

8    the class claims pursuant to Labor Code sections 200-203, 221, 223, 226, 226.7, 248, 500, 510,

9    512, 1174, 1194, 1194.2, 1197, 1198, 2802, the applicable wage order and under Business &

10   Professions Code sections 17200-17208, for unfair competition due to Defendant's unlawful,

11   unfair and fraudulent business acts and practices.

12       9.    Plaintiff is informed and believes, and based thereon alleges, that Defendants have

13   engaged in, among other things a system of willful violations of the Labor Code and the applicable

14   IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny

15   employees the above stated rights and benefits.

16                                              **PARTIES**

17       10.   Plaintiff, GUSTAVO CABALLERO is an individual over the age of eighteen (18)

18   and is now, and/or at all relevant times mentioned in this Complaint was, a resident and domiciliary

19   of the State of California. During the relevant time period, Plaintiff worked for Defendants in

20   Tracy, California from approximately mid-2022, through approximately January 12, 2023. Plaintiff

21   worked as a landscaper and earned approximately $25 per hour.

22       11.   Plaintiff is informed and believes, and based thereon alleges, that Defendant

23   SITEONE LANDSCAPE SUPPLY LLC, is a Delaware limited liability company. Plaintiff is

24   further informed and believes that at all times relevant hereto, Defendant has transacted, and

25   continues to transact, business throughout the State of California.

26       12.   Plaintiff is informed and believes, and based upon such information and belief

27   alleges, that Defendants are, now and/or at all times mentioned in this Complaint was in some

28   manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

**CLASS ACTION COMPLAINT**

13.    Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants proximately caused Plaintiff, all others similarly situated, and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

14.    Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants and DOES 1 through 10, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

15.    Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

16.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendant; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

17.    Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

18.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and

**CLASS ACTION COMPLAINT**

1 | scope of, and in pursuance of, said joint venture, partnership and common enterprise.

2 |       19.    At all times herein mentioned, the acts and omissions of various Defendants, and

3 | each of them, concurred and contributed to the various acts and omissions of each and all of the

4 | other Defendants in proximately causing the injuries and damages as herein alleged. At all times

5 | herein mentioned, Defendants, and each of them, ratified each and every act or omission

6 | complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and

7 | abetted the acts and omissions of each and all of the other Defendants in proximately causing the

8 | damages as herein alleged.

9 |       20.    The members of the Classes (as defined below), including the representative

10 | Plaintiff named herein, have been employed during the Class Period in California. The practices

11 | and policies which are complained of by way of this Complaint are enforced throughout the State

12 | of California.

13 | **JURISDICTION AND VENUE**

14 |       21.    The Court has jurisdiction over this class action pursuant to article 6, section 10 of

15 | the California Constitution and Code of Civil Procedure section 410.10.

16 |       22.    Additionally, this Court has jurisdiction over Plaintiff's and the Classes' claims for

17 | injunctive relief, including restitution of earned wages, arising from Defendants' unfair

18 | competition under Business & Professions Code section 17203 and 17204. The Court also has

19 | jurisdiction over Plaintiff's and the Class' claims pursuant to the applicable provisions.

20 |       23.    The Court has jurisdiction over Defendants because they are authorized to do

21 | business in the State of California and are registered with the California Secretary of State.

22 | Defendant does sufficient business with sufficient minimum contacts in California, and/or

23 | otherwise intentionally avails itself of the California market through the advertising, marketing and

24 | sale of goods and services, to render the exercise of jurisdiction over Defendant by the California

25 | court consistent with traditional notions of fair play and substantial justice.

26 |       24.    Venue is proper in San Joaquin County because the acts which give rise to this

27 | litigation occurred in this county and because Defendant has employed class members in this

28 | county and transacts business in this county.

**CLASS ACTION COMPLAINT**

## FACTUAL ALLEGATIONS

25.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

*Defendants' Failure to Pay Overtime Wages*

26.'     During the Class Period, upon information and belief, Defendants had, and continue to have, a company-wide policy of failing to pay overtime wages at the regular rate of pay. Plaintiff and other class members earned non-discretionary bonuses, including "fldsignbon" bonus that was not factored into the regular rate of pay. Moreover, as a result of rounding hours worked, Plaintiff and class members were not paid all overtime wages.

27.     Therefore, Plaintiff and members of the Classes were not paid overtime wages for all of the overtime hours they actually worked.

*Defendants' Failure to Pay all Wages*

28.     As stated above, Defendants failed to pay the regular rate of pay. This includes sick pay and PTO at the regular rate of pay. Defendants also rounded hours worked.

*Failure to Provide Compliant Meal Periods*

29.     Plaintiff alleges that meal breaks were short and interrupted as described above. As a result, Plaintiff and members of the Classes did not receive compliant meal breaks.

30.     Plaintiff and members of the Classes did not sign valid meal period waivers on days that they were entitled to meal periods and were not relieved of all duties.

*Defendants' Failure to Provide Compliant Rest Breaks*

31.     During the relevant time period, Defendants regularly failed to authorize and permit Plaintiff and members of the Classes to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof.

32.     Specifically, rest breaks were never provided.

*Defendants' Failure to Provide Compliant Wage Statements*

33.     During the relevant time period, Defendant has knowingly and intentionally provided Plaintiff and members of the Classes with uniform, incomplete, and inaccurate wage statements. For example, Defendants issued uniform wage statements to Plaintiff and members of the Classes that fail to correctly list: gross wages earned; total hours worked; net wages earned; and

1  all applicable hourly rates in effect during the pay period, including rates of pay for overtime

2  wages and/or meal and rest period premiums, and the corresponding number of hours worked at

3  each hourly rate.

4       34.    Because Defendants did not pay wages at the regular rate of pay as alleged above,

5  Defendants did not list the correct amount of gross wages and net wages earned by Plaintiff and

6  members of the Classes in compliance with Labor Code sections 226(a)(1) and 226(a)(5),

7  respectively. Moreover, Defendants also failed to provide accurate wage statements as pay

8  statements also fail to show Covid-19 supplemental sick pay.

9       35.    For the same reason, Defendants failed to accurately list the total number of hours

10  worked by Plaintiff and members of the Classes and failed to list the applicable hourly rates of pay

11  in effect during the pay period and the corresponding accurate number of hours worked at each

12  hourly rate.

13       36.    Because Defendants failed to provide the correct net and gross wages earned,

14  applicable rates of pay, and number of total hours worked on wage statements, Plaintiff and

15  members of the Classes have been prevented from verifying, solely from information on the wage

16  statements themselves, that they were paid correctly and in full. Instead, Plaintiff and members of

17  the Classes have had to look to sources outside of the wage statements themselves and reconstruct

18  time records to determine whether in fact they were paid correctly and the extent of underpayment,

19  thereby causing them injury.

20  ***Defendants' Failure to Timely Pay Final Wage Upon Termination***

21       37.    Defendants willfully failed to pay Plaintiff and members of the Classes who are no

22  longer employed by Defendant the earned and unpaid wages set forth above, including but not

23  limited to, overtime wages, minimum wages, and/or meal/rest period premiums, either at the time

24  of discharge, or within seventy-two (72) hours of their leaving Defendant's employ.

25  ***Defendants' Failure to Provide Covid-19 Supplemental Sick Pay***

26       38.    As of 2022, employers must provide employees with written notice that sets forth

27  the amount of Covid-19 supplemental paid sick leave that the employee has used through the pay

28  period in which it was due to be paid and shall list zero if a worker has not used any Covid-19

CLASS ACTION COMPLAINT

1  supplemental paid sick leave. Defendants also fail to provide Plaintiff and class members with such

2  written notice that sets forth the amount of Covid-19 supplemental paid sick leave that they have

3  used or were entitled to on wage statements.

4  ***Defendants' Failure to Permit Inspection of Employment Records***

5          39.     Defendants have failed and refused to permit Plaintiff's inspection of his personnel

6  and payroll records and failed to provide a copy of Plaintiff's personnel and payroll records to him.

7  Specifically, Plaintiff requested records on 2/21/23 and 3/29/23 and Defendants have not

8  responded.

9  ***Defendants' Failure to Reimburse Business Expenses***

10         40.     During the relevant time period, Defendants had a company-wide policy of

11 requiring Plaintiff and class members to incur business-related expenses. This includes but is not

12 limited to the use of personal cellphones, which Defendants required Plaintiff and class members to

13 use to clock-in and clock-out. Plaintiff was never reimbursed for these costs.

14 ***Facts Regarding Willfulness***

15         41.     Plaintiff is informed and believes, and based thereon alleges, that Defendants are

16 and were advised by skilled lawyers, other professionals, employees with human resources

17 background and advisors with knowledge of the requirements of California wage and hour laws

18 and that at all relevant times, Defendants knew or should have known, that the Plaintiff Class

19 Members, including Plaintiff, were entitled to receive one hour of pay at the employee's regular

20 rate of compensation for each day that a meal and/or rest period was not provided and were and are

21 entitled to receive pay for all hours worked, accurate itemized wage statements, and final pay in a

22 timely manner.

23 ***Unfair Business Practices***

24         42.     Defendants have further engaged in, and continues to engage in, unfair business

25 practices in California by practicing, employing, and utilizing the unlawful employment practices

26 and policies outlined above.

27         43.     As a direct result of the wage and hour violations herein alleged, Plaintiff and

28 members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the

1    use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in

2    seeking to compel Defendant to perform their obligations under state law, all to Plaintiff's and the

3    Plaintiff Class members' respective damage in amounts according to proof at the time of trial.

4    ***Plaintiff's Exhaustion of Administrative Remedies***

5        44.    Plaintiff is currently complying with the procedures for bringing suit specified in

6    Labor Code section 2699.3.

7        45.    By letter dated June 20, 2023, required notice was provided to the Labor and

8    Workforce Development Agency ("LWDA") and Defendant, of the specific provisions of the

9    Labor Code alleged to have been violated, including the facts and theories to support the alleged

10   violations.

11       46.    This Complaint will be amended when more than sixty-five (65) days have passed

12   since the date the notice was mailed to Defendant and the LWDA, if the LWDA chooses not to

13   investigate the allegations herein.

14                               **CLASS ACTION ALLEGATIONS**

15       47.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

16       48.    Pursuant to Code of Civil Procedure section 382, this action is brought and may be

17   properly maintained as a class action. This action satisfies the ascertainability, numerosity,

18   commonality, typicality, adequacy, predominance, and superiority requirements of those

19   provisions.

20       49.    Plaintiff brings this suit as a class action on behalf of two classes of individuals

21   defined as follows (collectively the "Classes"):

22       50.    *Plaintiff Class*: All persons who have been, or currently are, employed by Defendants

23   and who held, or hold, job positions which Defendants have classified as "non-exempt" employees in

24   the State of California, at any time since four years prior to filing this action, through the date

25   judgment is rendered in this action.

26       51.    *Terminated Sub Class:* All members of the Plaintiff Class whose employment ended

27   during the Class Period.

28       52.    *Numerosity:* Plaintiff is informed and believes, and on that basis alleges, that during

**CLASS ACTION COMPLAINT**

the class period hundreds of class members have been employed by Defendant as non-exempt employees in the State of California. Because so many persons have been employed by Defendants in this capacity, the members of the Plaintiff Class are so numerous that joinder of all members is impossible and/or impracticable.

53.    *Common Questions of Law and/or Fact:* Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions affecting solely individual members of the Plaintiff Class. Among the questions of law and fact, that are relevant to the adjudication of Class Members' claims are as follows:

a.    Whether Plaintiff and Class Members are subject to and entitled to the benefits of California wage and hour statutes;

b.    Whether Defendants failed to pay Plaintiff and Class Members all wages;

c.    Whether Defendants failed to pay Plaintiff and Class Members all overtime;

d.    Whether Defendants had a standard policy of not providing compliant meal breaks and premiums to Plaintiff and members of the Plaintiff Class;

e.    Whether Defendants had a standard policy of not providing compliant rest breaks and premiums to Plaintiff and members of the Plaintiff Class;

f.    Whether Defendants unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of Labor Code section 226;

g.    Whether Defendants unlawfully and/or willfully failed to reimburse business-related expenses;

h.    Whether Defendants unlawfully and/or willingly failed to timely pay Plaintiff and the Terminated Sub Class upon termination;

i.    Whether Defendants failed to provide Plaintiff and members of the Plaintiff Class with supplemental Covid-19 sick pay wages;

j.    Whether Defendants failed to provide Plaintiff's personnel records;

k.    Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties,

**9**

1    costs, attorneys' fees, and equitable relief;

2    l.    Whether Defendants' conduct as alleged herein violates the Unfair Business

3    Practices Act of California (Bus. & Prof. Code, § 17200 et seq.)

4    54.    *Typicality:* The claims of the named Plaintiff are typical of the claims of the

5    members of the Plaintiff Class. Defendants' common course of conduct in failing to provide their

6    non-exempt employees with meal and rest periods and all wages in compliance with the applicable

7    wage order, or premium compensation at the regular rate in lieu thereof, failing to provide them

8    with proper wages and overtime, and failing to provide them with compliant wage statements has

9    caused Plaintiff and the proposed Class to sustain the same or similar injuries and damages.

10    Plaintiff's claims are thereby representative of and co-extensive with the claims of the proposed

11    Class. Plaintiff and the proposed Class sustained the same or similar injuries and damages arising

12    from Defendants' common policies, practices, procedures, protocols, routines, and rules which

13    were applied to other Class Members as well as Plaintiff. Plaintiff seeks recovery for the same type

14    of losses, injuries, and damages as were suffered by other members of the proposed class.

15    55.    *Adequacy of Representation:* Plaintiff is an adequate representative of the proposed

16    classes because she is a member of the class, and his interests do not conflict with the interests of

17    the members she seeks to represent. Plaintiff has retained competent counsel, experienced in the

18    prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this

19    action vigorously for the benefit of the classes. The interests of the Class Members will fairly and

20    adequately be protected by Plaintiff and his attorneys.

21    56.    *Superiority of Class Action:* A class action is superior to other available methods for

22    the fair and efficient adjudication of this litigation since individual litigation of the claims of all

23    Class Members is impracticable. It would be unduly burdensome to the courts if these matters were

24    to proceed on an individual basis, because this would potentially result in hundreds of individual,

25    repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or

26    contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable

27    allocation of recovery among those with equally meritorious claims. By contrast, the class action

28    device presents far fewer management difficulties, and provides the benefit of a single

1   adjudication, economics of scale, and comprehensive supervision by a single court.

2       57.     The various claims asserted in this action are additionally or alternatively certifiable

3   under the provisions of the Code of Civil Procedure section 382 because:

4               a.    The prosecution of separate actions by hundreds of individual class members

5                     would create a risk or varying adjudications with respect to individual class

6                     members, thus establishing incompatible standards of conduct for

7                     Defendants, and

8               b.    The prosecution of separate actions by individual class members would also

9                     create the risk of adjudications with respect to them that, as a practical

10                    matter, would be dispositive of the interest of the other class members who

11                    are not a party to such adjudications and would substantially impair or

12                    impede the ability of such non-party class members to protect their interests.

13                              **FIRST CAUSE OF ACTION**

14                                  **Unpaid Overtime**

15              **(By Plaintiff and Members of the Putative Class Against Defendants)**

16      58.     Plaintiff incorporates herein by reference the allegations set forth above.

17      59.     At all times relevant herein, which comprise of the time period not less than four (4)

18  years preceding the filing of this action, Defendants were required to compensate their hourly

19  employees for all overtime hours worked.

20      60.     California Labor Code sections 510 and 1198 and the applicable Industrial Welfare

21  Commission ("IWC") wage order require employers to pay employees working more than eight (8)

22  hours in a day or more than forty (40) hours in a workweek at the rate of one-and-one-half (1 ½)

23  times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or more than

24  forty (40) hours in a workweek. The applicable IWC wage order further provides that employers

25  are required to pay employees working more than twelve (12) hours in a day overtime

26  compensation at a rate of two (2) times their regular rate of pay. An employee's regular rate of pay

27  includes all remuneration for employment paid to, or on behalf of, the employee, including

28  nondiscretionary bonuses and incentive pay.

**11**

**CLASS ACTION COMPLAINT**

61.    Defendants willfully failed to pay all overtime wages at the regular rate of pay. Moreover, as a result of rounding, Defendants did not pay all overtime wages. As a result, during the relevant time period, Plaintiff and members of the Classes were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week.

62.    Defendants knew or should have known that as a result of company-wide practices and/or policies, that prevents Plaintiff and members of the Classes from earning all overtime.

63.    Defendants' failure to pay Plaintiff and members of the Classes the balance of overtime compensation, as required by California law, violates the provisions of Labor Code sections 510 and 1198. Plaintiff and members of the Classes are entitled to recover civil penalties, attorney's fees, costs, and interest thereon.

## SECOND CAUSE OF ACTION.

### Failure to Pay All Wages

#### (By Plaintiff and Members of the Putative Class Against Defendants)

64.    Plaintiff incorporates herein by reference the allegations set forth above.

65.    At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendants were required to compensate their hourly employees for all hours worked.

66.    . For at least the four (4) years preceding the filing of this action, Defendants failed to compensate employees for all hours worked. Defendants implemented policies that actively prevented employees from being compensated for all time worked by failing to pay meal premiums, sick pay and PTO at the regular rate of pay, and by rounding hours worked.

67.    Under the applicable wage order and state regulations, Plaintiff and the Plaintiff Class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of suit in accordance with Labor Code section 218.5, and penalties pursuant to Labor Code sections 203 and 206.

68.    The applicable IWC wage order section 2(G) defines "hours worked" to mean "the

**12**
**CLASS ACTION COMPLAINT**

1  time during which an employee is subject to the control of an employer and includes all the time
2  the employee is suffered or permitted to work, whether or not required to do so."

3      69.    Defendants suffered or permitted Plaintiff and members of the Classes to work
4  portions of the day for which Defendants failed to compensate them. This includes time spent
5  under Defendant's control during meal breaks.

6      70.    Labor Code section 1194(a) provides in relevant part: "Notwithstanding any
7  agreement to work for a lesser wage, any employee receiving less than the legal minimum wage …
8  is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage
9  … including interest thereon, reasonable attorney's fees, and costs of suit."

10     71.    Labor Code section 1194.2(a) provides in relevant part: "In any action under section
11 1193.6 or section 1194 to recover wages because of the payment of a wage less than the minimum
12 wage fixed by an order of the commission, an employee shall be entitled to recover liquidated
13 damages in an amount equal to the wages unlawfully unpaid and interest thereon."

14     72.    Labor Code section 1197 provides: "The minimum wage for employees fixed by the
15 commission is the minimum wage to be paid to employees, and the payment of a less wage than
16 the minimum so fixed is unlawful."

17     73.    Plaintiff is informed and believes, and therefore alleges, that Defendant's
18 compensation schemes do not fairly compensate Plaintiff and other Class Members for all hours
19 spent performing their job duties.

20     74.    The failure to pay at least minimum wages to Plaintiff and members of the Plaintiff
21 Class for each and every hour worked violates Labor Code sections 1182.11-1182.12, 1194,
22 1194.2, and 1197; the applicable IWC wage order section 4; and Business & Professions Code.

23     75.    The failure to pay designated wages to Plaintiff and members of the Plaintiff Class
24 for each and every hour worked violates Labor Code section 221 and 223; the applicable IWC
25 wage order section 3; and Business & Professions Code.

26     76.    During the applicable time period, Defendants have and continue to have a pattern
27 and practice of not providing its employees all wages, by failing to include all compensable time,
28 including time worked off-the-clock.

**13**

**CLASS ACTION COMPLAINT**

77.     As a proximate result of the above-mentioned violations. Plaintiff and the Plaintiff Class have been damaged in an amount according to proof at time of trial.

### THIRD CAUSE OF ACTION

### Non-Compliant Meal Breaks

### (By Plaintiff and Members of the Putative Class Against Defendants)

78.     Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

79.     Plaintiff is informed and believes, and thereon alleges, that Plaintiff and the Class Members regularly worked more than five (5) hours per shift and were entitled to a meal period of not less than thirty (30) minutes without duty.

80.     Nevertheless, Plaintiff is informed and believes, and thereon alleges, that Defendants routinely failed to provide Plaintiff and the members of the Classes with such meal periods without duty, notwithstanding the fact that Plaintiff and the members of the Classes had not waived their right to the same. Thus, Defendants failed to provide Plaintiff and the members of the Classes with meal periods required by Labor Code sections 226.7, 512, 516 and the applicable IWC wage order section 10, and categorically failed to pay any and all meal period wages due.

81.     Plaintiff and Class Members seek damages pursuant to Labor Code section 226.7(b) and the applicable IWC wage order section 10(F), in the amount of one additional hour of pay at the regular rate for each workday that the meal period is/was not provided to Plaintiff and any member of the Classes, the cumulative sum of which is to be determined at trial.

82.     Under the foregoing, California employers must provide meal periods and authorize and permit rest periods to all employees during their shifts. In *Augustus et al. v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, the California Supreme Court reaffirmed that the required meal and rest periods must be "off-duty," which means that employees must be relieved of "all work-related duties," including the duty to remain "on call," and they must be "free from employer control" over how they "spend their time." *Id.* at 264, 269. Employees must have the freedom to use meal and rest periods for their own purposes. *Id.* at 270; *Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1038-39.

83.    When employees must either "remain at the ready and capable of being summoned to action," "respond when the employer seeks contact with [them]," "perform other work if the employer so requests," and/or remain "on call" during their meal and rest periods, the employees have not been "relieve[d] … of all work-related duties and employer control." *Augustus*, *supra*, 2 Cal.5th at 270. Such a meal or rest period is not "off duty" and therefore is "impermissible." *Ibid.*

84.    The Supreme Court's decision in *Augustus* is just the latest in a series of meal and rest break cases that have affirmed California's broad, protective standard for employees.[1]

85.    Moreover, as the mere existence of a facially lawful meal and rest break policy is unavailing if there are practical constraints and pressures on employees to perform their duties in ways that omit breaks. See *Brinker*, *supra*, 53 Cal.4th at 1040.

86.    Yet Defendants did and does not provide Plaintiff and members of the Classes with meal periods during which they are completely relieved of duty for at least thirty (30) minutes by the fifth hour of work and again by the tenth hour of work. Rather, Plaintiff alleges that meal breaks were frequently short and interrupted as alleged above.

87.    Thus, Defendants have failed to perform its obligations to provide Plaintiff and the members of the Plaintiff Class with off-duty meal periods by the end of the fifth hour of work and a second meal period by the end of the tenth hour of work. Defendant has also failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at the regular rate for each off-duty meal period that they have been denied.

88.    On July 15, 2021, the California Supreme Court issued a decision in *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858 where the court unanimously held that employers must pay premium payments to employees for missed meal, rest, and recovery breaks at the employee's "regular rate of pay" instead of their base hourly rate.

---

[1]  *See, e.g., Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal.4th 1004; *Lubin v. Wackenhut Corp.* (2016) 5 Cal.App.5th 926 , *rehg. denied* (Dec. 14, 2016); *Faulkinbury v. Boyd & Assocs., Inc.* (2013) 216 Cal.App.4th 220; *Berlanga v. Equilon Enterprises LLC* (N.D.Cal., Aug. 31, 2017, No. 17-CV-00282-MMC) 2017 WL 3782245 at *3 (a policy requiring employees to "remain in contact with supervisors and other employees working in their units throughout their shifts… would appear to be unlawful under [*Augustus*]")

**CLASS ACTION COMPLAINT**

1    89.    Defendants knew or should have known that because of its policies and/or practices,
2    that Plaintiff and members of the Classes were not actually relieved of all duties to take timely,
3    uninterrupted meal periods. Defendants further knew or should have known that it did not pay
4    Plaintiff and members of the Classes all meal period premiums when meal periods were missed,
5    late, short, and/or interrupted. Furthermore, Defendants have engaged in a company-wide practice
6    and/or policy of not paying meal period premiums owed when compliant meal periods are not
7    provided. Because of this practice and/or policy, Plaintiff and members of the Classes have not
8    received all premium pay for missed, interrupted, or late meal periods. Accordingly, Defendants
9    failed to provide all meal periods in violation of Labor Code sections 226.7, 512(a), 516, and 1198.
10    90.    Plaintiff and members of the Classes are entitled to civil penalties, attorney's fees,
11    costs, and interest thereon.

## FOURTH CAUSE OF ACTION

### Non-Compliant Rest Breaks

### (By Plaintiff and Members of the Putative Class Against Defendants)

15    91.    Plaintiff hereby incorporates by reference each and every one of the allegations
16    contained in the preceding paragraphs as if the same were fully set forth herein.

17    92.    Labor Code sections 226.7, 516, and 1198, and the applicable IWC wage order
18    require employers to provide rest periods and to pay an employee one (1) additional hour of pay at
19    the employee's regular rate for each workday that a meal or rest period is not provided. Labor Code
20    section 226.7 provides that no employer shall require an employee to work during any rest period
21    mandated by an applicable order of the IWC. The applicable IWC wage order provides that
22    "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as
23    practicable shall be in the middle of each work period" and that the "rest period time shall be based
24    on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or
25    major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

26    93.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff and Class
27    Members were entitled to a paid rest period of not less than ten (10) minutes without duty for each
28    and every four (4) hours or major fraction thereof worked during the workday.

94.     Nevertheless, Plaintiff is informed and believes, and thereon alleges, that Defendants routinely failed to provide Plaintiff and the members of the Classes with such paid rest periods without duty, notwithstanding the fact that Plaintiff and the members of the Classes had not waived their right to the same. Thus, Defendants failed to provide Plaintiff and Class Members with rest periods required by Labor Code sections 226.7, 512, and 516, the applicable IWC wage order section 11 and categorically failed to pay any and all rest period wages due.

95.     Specifically, rest breaks were never provided.

96.     Plaintiff and Class Members seek damages pursuant to Labor section 226.7(b) and the applicable IWC wage order section 11(D), in the amount of one additional hour of pay at the regular rate for each work day that the rest period is/was not provided or provided late to Plaintiff and any member of the Classes, the cumulative sum of which is to be determined at trial.

97.     Therefore, Plaintiff and members of the Plaintiff Class are entitled to compensation for Defendant's failure to provide rest periods, plus interest, attorneys' fees, expenses, and costs of suit pursuant to Labor Code section 226.7(b) and the applicable wage order.

## FIFTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements and Maintain Accurate Records

### (By Plaintiff and Members of the Putative Class Against Defendant)

98.     Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

99.     Labor Code section 226(a) and the applicable IWC wage order section 6(B) requires employers to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee, on a semi-monthly basis or at the time of each payment of wages.

100.    Labor Code section 226(e) provides that if an employer fails to comply with providing an employee with properly itemized wage statements as set forth in section 226(a), then the employee is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not to exceed $4,000. Further, Labor Code section 226.3 provides that any employer who violates section 226(a) shall be subject to a civil penalty in the amount of $250 per employee per violation

**17**

1   in an initial citation and $1,000 per employee for each violation in a subsequent citation, for which

2   the employer fails to provide the employee a wage statement or fails to keep the required records

3   pursuant to section 226(a).

4        101.    Defendants knowingly and intentionally failed to furnish Plaintiff and the members

5   of the Classes with timely, itemized statements in compliance with Labor Code section 226(a) and

6   the applicable IWC Wage order section 6(B).

7        102.    Plaintiff is informed and believes, and thereon alleges, that Defendants knowingly

8   and intentionally failed to furnish Plaintiff and members of the Classes with timely, itemized

9   statements showing (a) total hours, (b) gross wages earned, (c) all deductions, and/or (d) all

10  applicable hourly rates in effect during each respective pay period and the corresponding number

11  of hours worked at each hourly rate by each respective individual. Moreover, wage statements also

12  fail to show Covid-19 supplemental sick pay.

13       103.    Plaintiff is informed and believes, and thereon alleges, that Defendants did not

14  maintain accurate business records pertaining to the total hours worked for Defendant by Plaintiff

15  and the members of the Classes as required under Labor Code section 1174.5. This is a result of

16  missing pay, and missed meal and rest-break premiums, as illustrated above.

17       104.    As a result of not having kept accurate records, Plaintiff and the Class Members

18  suffered injuries in the form of confusion over whether they received all wages owed to them, and

19  difficulty and expense in reconstructing pay records in addition to other injuries which may come

20  to light during the discovery process.

21       105.    Labor Code section 1198 provides that the maximum hours of work and the

22  standard conditions of labor shall be those fixed by the Labor Commissioner and as set forth in the

23  applicable IWC wage order. Section 1198 further provides that "[t]he employment of any

24  employees for longer hours than those fixed by the order or under conditions of labor prohibited by

25  the order is unlawful." Pursuant to the applicable IWC Wage order, employers are required to keep

26  accurate time records showing when the employee begins and ends each work period and meal

27  period.

28       106.    During the relevant time period, Defendants failed, on a company-wide basis, to

**18**

**CLASS ACTION COMPLAINT**

1    keep accurate records of work and meal period start and stop times for Plaintiff and members of the

2    Classes, in violation of Labor Code section 1198.

3        107.    Plaintiff and the members of the Classes herein seek damages and penalties pursuant

4    to Labor Code section 226(e) for Defendant's violations of Labor Code section 226(a).

5        108.    Plaintiff and Class Members also seek preliminary and permanent injunctive relief

6    and an award of reasonable attorneys' fees and costs pursuant to Labor Code section 218.5, 226(h).

7                        **SIXTH CAUSE OF ACTION**

8                          **Waiting Time Penalties**

9        **(By Plaintiff and Members of the Terminated Sub Class Against Defendants)**

10        109.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set

11    forth herein.

12        110.    At all times, relevant herein, Defendants were required to pay their employees all

13    wages owed in a timely fashion during and at the end of their employment, pursuant to Labor Code

14    section 201-203.

15        111.    As a pattern and practice, Defendants regularly failed to pay Plaintiff and the

16    members of the Terminated Sub Class their final wages pursuant to Labor Code sections 201-203,

17    and accordingly owe waiting time penalties pursuant to Labor Code section 203.

18        112.    Labor Code sections 201 and 202 provide that if an employer discharges an

19    employee, the wages earned and unpaid at the time of discharge are due and payable immediately,

20    and that if an employee voluntarily leaves his or her employment, his or her wages shall become

21    due and payable not later than seventy-two (72) hours thereafter, unless the employee has given

22    seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is

23    entitled to his or her wages at the time of quitting.

24        113.    On information and belief, Defendants have a company-wide practice or policy of

25    paying departing employees their final wages late, instead of adhering to the time requirements set

26    forth in Labor Code sections 201 and 202.

27        114.    Specifically, Defendants willfully failed to pay Plaintiff and members of the

28    Terminated Sub Class the earned and unpaid wages set forth above, including but not limited to,

1   overtime wages, other wages, and/or meal rest period premiums, either at the time of discharge, or

2   within seventy-two (72) hours of their leaving Defendant's employ.

3       115.    Plaintiff and members of the Terminated Sub Class are entitled to recover civil

4   penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code section 256.

5   **SEVENTH CAUSE OF ACTION**

6   **Failure to Provide COVID-19 Supplemental Paid Sick Leave**

7   **(By Plaintiff and Members of the Putative Class Against Defendant)**

8       116.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth

9   above as if fully set forth herein.

10       117.    California Labor Code sections 248.6 and 248.7 required Defendants to provide

11   California Supplemental Sick Paid Leave ("SSPL") through December 31, 2022.

12       118.    Pursuant to subdivision (i) of Section 246 as it relates to this section, COVID-19

13   supplemental paid sick leave must be set forth separately from paid sick days. Defendants failed to

14   provide Plaintiff and the Plaintiff Class with written notice that sets forth the amount of COVID-19

15   supplemental paid sick leave that they had used or were entitled on wage statements.

16       119.    The employer shall list zero hours used if a worker has not used any COVID-19

17   supplemental paid sick leave. This requirement is not enforceable until the next full pay period

18   following the date that this section takes effect.

19       120.    Plaintiff and the Plaintiff class were entitled access to this supplemental paid leave

20   and whether any had been utilized if they experience a qualifying need for leave. However,

21   Defendants failed to Supplemental COVID-19 Sick pay or properly account for it on their wage

22   statements as provided by California law.

23       121.    Defendants' unlawful acts deprived Plaintiff and the Class of all wages. Plaintiff seeks

24   to represent supplemental COVID-19 sick pay in amounts to be determined at trial, and Plaintiff and

25   the class are entitled to recover these amounts with interest, attorneys' fees, and costs.

26   ///

27   ///

28   ///

20

**CLASS ACTION COMPLAINT**

1                              **EIGHTH CAUSE OF ACTION**

2          **Failure to Permit Inspection of Personnel and Payroll Records**

3      **(By Plaintiff and the Members of the Plaintiff Class Against All Defendants)**

4          122.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth

5 herein.

6          123.    Labor Code § 1198.5 requires an employer, within thirty (30) days of a written request

7 therefor, to inspect or receive a copy of an employee's personnel and payroll records. An employer's

8 failure to do so subjects the employer to a $750.00 penalty, payable to the employee.

9          124.    Labor Code § 226(c) requires an employer, within twenty-one (21) days of a written

10 request therefore, to inspect or receive a copy of an employee's payroll records. An employer's failure

11 to do so subjects the employer to a $750.00 penalty, payable to the employee, pursuant to Labor Code §

12 226(f).

13          125.    Labor Code § 432 requires an employer, upon request, to give to an employee a copy

14 of any instrument signed by the employee relating to the obtaining or holding of employment.

15          126.    Plaintiff made a written request to inspect or receive a copy of his personnel and payroll

16 records from Defendant on two occasions.

17          127.    Defendants failed and refused to permit Plaintiff's inspection of his personnel and

18 payroll records and failed to provide a copy of Plaintiff's personnel and payroll records to him, within

19 the time required by Labor Code § 1198.5 and § 226(c), or ever.

20          128.    As a result of Defendants' failure and refusal to comply with Labor Code § 1198.5,

21 Plaintiff is entitled to recover from Defendant a civil penalty of $750.00.

22                               **NINTH CAUSE OF ACTION**

23                **Failure to Reimburse Business Expenses**

24      **(By Plaintiff and Members of the Putative Class Against All Defendants)**

25          129.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set

26 forth herein.

27          130.    Labor Code section 2802 requires employers to pay for all necessary expenditures

28 and losses incurred by the employee in the performance of his or her job. The purpose of Labor

1   Code section 2802 is to prevent employers from passing off their cost of doing business and

2   operating expenses on to their employees. *Cochran v. Schwan's Home Service, Inc.* (2014) 228

3   Cal.App.4th 1137, 1144.

4       131.    The applicable wage order, IWC wage order section 9(B), provides that: "[w]hen

5   tools or equipment are required by the employer or are necessary to the performance of a job, such

6   tools and equipment shall be provided and maintained by the employer, except that an employee

7   whose wages are at least two (2) times the minimum wage provided herein may be required to

8   provide and maintain hand tools and equipment customarily required by the trade or craft."

9       132.    During the relevant time period, Defendants had a company-wide policy of

10  requiring Plaintiff and members of the classes to incur business-related expenses. This includes but

11  is not limited to the use of personal cellphones. Defendants passed these operating costs off onto

12  Plaintiff and members of the Classes.

13      133.    Thus, Defendants had, and continue to have, a company-wide policy and/or practice

14  of not reimbursing employees for expenses necessarily incurred in violation of Labor Code section

15  2802.

16  Plaintiff and members of the Classes are entitled to recover civil penalties, attorney's fees, costs,

17  and interest thereon.

18  **TENTH CAUSE OF ACTION**

19  **Violation of California**

20  ***Business and Professions Code Section 17200 et seq.***

21  **(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

22      134.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set

23  forth herein.

24      135.    Business and Professions Code section 17200 defines unfair competition to include,

25  "unlawful, unfair or fraudulent business practices."

26      136.    Plaintiff and all proposed Class Members are "persons within the meaning of

27  Business and Professions Code section 17204, who have suffered injury in fact and have lost

28  money or property as a result of Defendants' unfair competition.

22

**CLASS ACTION COMPLAINT**

137.  Defendants have been committing, and continue to commit, acts of unfair competition by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

    a)  violations of Labor Code sections 510, 1198;

    b)  violations of Labor Code sections 221, 223, 1182.11-1182.12, 1194, 1194.2, 1197, 1198;

    c)  violations of Labor Code sections 226.7, 512, 516, and 1198;

    d)  violations of Labor Code sections 226, 1174;

    e)  violations of Labor Code sections 201 and 202;

    f)  violations of Labor Code section 248;

    a)  violations of Labor Code section 1198;

    b)  violations of Labor Code section 2802.

138.  As a result of its unlawful, unfair, and/or fraudulent business acts and practices, Defendants have reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and proposed Class Members. Defendant's unlawful, unfair, and/or fraudulent conduct has also enabled Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

139.  Business and Professions Code section 17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of the unlawful, unfair, and/or fraudulent business acts or practices.

140.  Plaintiff seeks a court order enjoining Defendants from the unlawful, unfair, and/or fraudulent activity alleged herein.

141.  Pursuant to Civil Code section 3287(a), Plaintiff and other members of the Plaintiff Class are entitled to recover pre-judgment interest on wages earned, but not paid.

142.  Plaintiff further seeks an order requiring an audit and accounting of the payroll records to determine the amount of restitution of all unpaid wages owed to himself and members of the proposed Plaintiff Class, according to proof, as well as a determination of the amount of funds to be paid to current and former employees that can be identified and located pursuant to a court

1    order and supervision.

2        143.    Plaintiff seeks restitution for himself, and all others similarly situated of these

3    amounts, including all earned and unpaid wages and attorneys' fees and costs pursuant to Code of

4    Civil Procedure section 1021.5.

5                                    **PRAYER FOR RELIEF**

6        WHEREFORE, Plaintiff, and the Class Members pray for judgment as follows:

7    1.    For an order certifying the proposed Plaintiff and Terminated Sub-Class;

8    2.    For an order that counsel for Plaintiff be appointed class counsel

9    3.    Certification of this class action on behalf of the proposed Plaintiff and Terminated

10            Sub-Class;

11   4.    Designation of Plaintiff as the class representative of the Plaintiff and Terminated

12            Sub Class;

13   5.    For restitution of all monies due to Plaintiff and the members of the Plaintiff Class

14            and disgorgement of all profits from the unlawful business practices of Defendant;

15   6.    An order appointing Plaintiff's counsel as class counsel;

16   7.    Prejudgment and post judgment interest on all sums awarded;

17   8.    For compensatory damages;

18   9.    For penalties pursuant to Labor Code sections 200, 226, 226.7, 226.3, 226.7;

19   10.    For interest accrued to date;

20   11.    For costs of suit and expenses incurred herein pursuant to Labor Code sections 226

21            and 1194;

22   12.    For reasonable attorneys' fees pursuant to Labor Code sections 226, 218.5, and

23            Code of Civil Procedure section 1021.5, and/or other applicable law; and

24   13.    A declaratory judgment that Defendant has knowingly and intentionally violated the

25            following provisions of law;

26            a.    Labor Code sections 510, 1198 for failing to pay overtime;

27            b.    Labor Code sections 1182.11-1182.12, 1194, 1194.2, 1197, 1198, 221, 223,

28                    for failing to pay all wages;

                                    **24**
                            **CLASS ACTION COMPLAINT**

c.  Labor Code sections 226.7, 512, 516, and 1198 for failing to provide compliant meal and rest breaks;

d.  Labor Code sections 226, 1174 for failing to provide compliant wage statements;

e.  Labor Code sections 201 and 202 for failing to pay wages at termination;

f.  Labor Code section 248 for failing to provide Covid-19 supplemental pay;

g.  Labor Code sections 226, 432, 1198.5 for failing to provide personnel file;

h.  Labor Code sections 2802 for failing to reimburse business-related expenses;

i.  Business & Professions Code sections 17200-08 for violating the provisions set forth herein above.

14.  For all such other and further relief that the Court may deem just and proper.

DATED:  June 20, 2023                 **BRADLEY/GROMBACHER, LLP**
                                       **MAJARIAN LAW GROUP APC**


                                       By: _____
                                              Marcus Bradley, Esq.
                                              Kiley Grombacher, Esq.
                                              Lirit King, Esq.
                                              Sahag Majarian, Esq.
                                              Garen Majarian, Esq.
                                              Attorneys for Plaintiff and others similarly
                                              situated

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of Plaintiff's and the members of the Classes' claims by jury to the extent authorized by law.

///

///

///

///

///

**CLASS ACTION COMPLAINT**

DATED:  June 20, 2023

                     **BRADLEY/GROMBACHER, LLP**
                     **MAJARIAN LAW GROUP APC**

                     By: _____

                            Marcus Bradley, Esq.
                            Kiley Grombacher, Esq.
                            Lirit King, Esq.
                            Emilie MacLean, Esq.
                            Sahag Majarian, Esq.
                            Garen Majarian, Esq.
                            Attorneys for Plaintiff and others similarly
                            situated

---

**26**

**CLASS ACTION COMPLAINT**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Marcus J. Bradley, Esq. (SBN 174156) / Kiley L. Grombacher, Esq. (SBN 245960)<br>BRADLEY/GROMBACHER LLP<br>31365 Oak Crest Drive, Suite 240<br>Westlake Village, California 91361<br>TELEPHONE NO:(805) 270-7100          FAX NO.: (805) 270-7589<br>ATTORNEY FOR *(Name):*  Plaintiff ERIKA RIVERA | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN JOAQUIN
STREET ADDRESS:  180 E. Weber Ave.
MAILING ADDRESS:
CITY AND ZIP CODE:  Stockton, CA 95202
BRANCH NAME:  Civil Department

PATRICIA SOTELO

CASE NAME:  GUSTAVO CABALLERO v. SITEONE LANDSCAPE SUPPLY LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | STK-CV-VUC-2023-_10325_ |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[x] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* TEN (10)
5. This case [x] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  June 20, 2023
Marcus J. Bradley
_____          _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std 3.10
www.courtinfo.ca.gov

FILED BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

### Case Number: STK-CV-UOE-2023-0006325

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 12/22/2023 | Time: 8:30 AM Department:10C |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE JAYNE LEE IN DEPARTMENT 10C FOR ALL PURPOSES, INCLUDING TRIAL | Stockton | Stockton: 209-992-5693<br>Lodi:      209-992-5522 |

[ **X** ] ADR & Scheduling Information is available on the court website @ sjcourts.org/self-help

1. You must:

    a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of filing of the complaint. (CRC 3.110)

    b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d. **Collection cases** are managed pursuant to CRC 3.740.

2. Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/division/civil.

3. If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4. Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules, and forms.

Date: 06/21/2023

Patricia Sotelo   ,Deputy Clerk